IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRITEK TECHNOLOGIES, INC. : | |
| : | |
| Plaintiff, : | |
| : | Civil Action No. |
| v. : | |
| : | 02-CV-08393-RK |
| LOCKHEED MARTIN CORPORATION, and : | |
| LOCKHEED MARTIN POSTAL : | |
| TECHNOLOGIES, INC. : | |
| : | |
| Defendants. : | |

## ORDER

AND NOW this, _____ day of August, 2004, upon consideration of defendants' Motion for Partial Summary Judgment and for a Limited Stay of Proceedings and having found that all of the elements required for application of 28 U.S.C. § 1498 to plaintiff's claims based on sales of allegedly infringing products to the United States Postal Service are present, it is

ORDERED that the motion for partial summary judgment is granted, and it is

FURTHER ORDERED that all of plaintiff's claims based on sales of allegedly infringing products to the United States Postal Service are dismissed without prejudice, and it is

FURTHER ORDERED that defendants' motion for a stay of proceedings is denied as Moot.

_____
Robert F. Kelly
United States District Judge

PHDATA 1220172_1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRITEK TECHNOLOGIES, INC. :  <br>  :  <br>  Plaintiff, :  <br>  :  Civil Action No.<br>  v. :  <br>  : 02-CV-08393-RK<br>LOCKHEED MARTIN CORPORATION, and :  <br>LOCKHEED MARTIN POSTAL :  <br>TECHNOLOGIES, INC. :  <br>  :  <br>  Defendants. : | |

**TRITEK'S MEMORANDUM IN RESPONSE TO
DEFENDANTS' MOTION FOR PARTIAL SUMMARY
JUDGMENT AND FOR A PARTIAL STAY OF PROCEEDINGS**

The basis of Lockheed's motion for partial summary judgment is 28 U.S.C. § 1498, which provides that under certain circumstances a patent owner's exclusive remedy for patent infringement is by action against the United States in the Court of Federal Claims (*see* 28 U.S.C. § 1498 quoted in part on page 8 of Lockheed's Memorandum). The elements required for application of the statute are: (1) use or manufacture "by or for the United States" (2) of an "invention described in and covered by a patent of the United States" (3) "without license by the owner." In its motion, Lockheed asserts that section 1498 applies to its sales of certain accused products to the U.S. Postal Service (USPS) (Lockheed Memorandum, pp. 11-15).

The basic facts underlying Lockheed's motion, as set forth in three affidavits submitted with the motion, are largely within Lockheed's exclusive knowledge. Apart from some documents produced in discovery, for example, Tritek has no knowledge of which of the

PHDATA 1220172_1

accused products were sold by Lockheed to the USPS and which to other customers. Tritek has no basis to affirm or deny these facts.

Since the requirements of section 1498 are clear, and in reliance on the truth of Lockheed's assertions that the requirements of the statute are present here, Tritek does not oppose the motion.

The form of Order submitted by Lockheed, however, is legally incorrect and much too broad, and is inconsistent with the statute and Lockheed's own motion. The Lockheed form of Order has this Court entering "judgment" on four counts of the Amended Complaint to the extent that they seek recovery based on certain products. If entered by the Court in the form submitted, such an Order would act as a determination on the merits of these claims. Neither Lockheed's motion nor section 1498 has anything to do with the merits of the claims. They relate only to the identity of the defendant (United States Government rather than Lockheed) and the forum for adjudication of the claims (United States Court of Federal Claims rather than United States District Court). They are procedural only.

We therefore submit a form of Order that is consistent with section 1498 and Lockheed's motion. It dismisses without prejudice all claims, not just the patent infringement claims,[1] which are based on sales to the USPS. This is consistent with Tritek's right to assert such claims in the US Court of Federal Claims under section 1498.

---

[1] As the quote from the Richmond Screw Anchor case on page 8 of Lockheed's Memorandum makes clear, section 1498 provides the "exclusive and comprehensive" remedy to the patent owner. Thus, none of Tritek's claims that are based on sales to the USPS may remain in this Court. On page 11 of the Lockheed Memorandum, it miscites the case of Crater Corp. v. Lucent Techs., Inc., 255 F.3d 1361 (Fed. Cir. 2001) for the proposition that contract claims relating to

[Footnote continued on next page]

2

Finally, Lockheed seeks a partial stay of certain claims to the extent that they involve the UFSM 1000 machine. Lockheed has asserted in its papers that "[a]ll of Lockheed Martin's UFSM 1000 systems have been sold to the USPS." (Lockheed Memorandum at 4). Tritek has no basis to dispute this factual assertion. The dismissal without prejudice of all of Tritek's claims based on sales to the USPS moots the need for a stay, since the claims related to the UFSM 1000 will be dismissed. Consequently, the motion for a partial stay should be denied as moot.

Respectfully submitted,

_____
Michael J. Mangan
Robert A. McKinley
Jonathan S. Liss
*Attorneys for Plaintiff*
*Tritek Technologies, Inc.*

SCHNADER HARRISON SEGAL & LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, Pennsylvania 19103
Attorneys for Plaintiff

       Of Counsel.

Dated: August 9, 2004

---

the infringing sales may remain in the District Court. The Crater court did allow contract claims to go forward in District Court, but the contract claims there were for breach of a confidentiality agreement and were not based on sales of the patented devices. In the published opinion, the court in Crater merely mentions that the plaintiff asserted a state cause of action for breach of contract. Crater, 255 F.3d at 1364. Nowhere, in the opinion does the court discuss what sort of contract action is involved. Counsel for Tritek has reviewed the docket in that case and has discovered that the breach of contract action concerned a confidentiality agreement, not a license agreement. Def's Mot. to Dis. and Mem. Support at 3, Crater Corp. v. Lucent Technologies, et al., No. 04:98CV00913 (E.D. Mo. 2003) ("Crater's breach of contract claim, which alleges that Lucent breached an alleged confidentiality agreement, is essentially coextensive with it misappropriation of trade secrets claim.").

## CERTIFICATE OF SERVICE

I hereby certify that, on August 9, 2004, I served a copy of the foregoing Tritek's Memorandum In Response To Defendants' Motion For Partial Summary Judgment And For A Partial Stay Of Proceedings to Defendants in the manner described, and addressed as followed:

### HAND DELIVERY

David Newmann, Esq.
HOGAN & HARTSON, L.L.P
1515 Market Street
Suite 1600
Philadelphia, PA 19102

### VIA FAX AND FIRST CLASS MAIL

Celine Jimenez Crowson
HOGAN & HARTSON, L.L.P.
555 Thirteenth Street, N.W.
Washington, D.C. 20004

David M. Pelletier